# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UMAR CLARK,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICAN EXPRESS NATIONAL BANK,<br><br>    Defendant. | Case No. 1:25-cv-05501-VMC-RGV |

### REPLY IN FURTHER SUPPORT OF
### MOTION TO SET ASIDE CLERK'S DEFAULT AND OPPOSITION TO
### MOTION FOR ENTRY OF DEFAULT JUDGMENT

Defendant American Express National Bank ("American Express"), by and through its counsel of record, respectfully submits its reply in support of American Express's Motion to Set Aside Entry of Default ("Motion") (ECF No. 5) and in response to Plaintiff's Opposition to Defendant's Motion to Set Aside Default ("Opposition") (ECF No. 7), and states:

### I.     INTRODUCTION[1]

In the Opposition, Plaintiff does not dispute that he served the Complaint on the wrong entity. Indeed, Plaintiff's only evidence of purportedly proper service remains the Return of Service filed with the Court, which confirms that Plaintiff

---

[1] All capitalized terms are used herein as defined in the Motion.

did not serve American Express's registered agent, **_CT Corporation_**, and instead served **_Corporation Service Company_**, which is indisputably insufficient. (ECF No. 3.) Because service here was invalid, the default must be set aside.

Even if American Express had been properly served, Plaintiff does not seriously dispute that good cause also exists to set aside the Clerk's Default. As detailed in the Motion, American Express acted promptly to cure the default and attempted to confer with Plaintiff regarding setting aside the Clerk's Default, but he refused. Further, Plaintiff's claims of prejudice are unavailing because this case is still at the earliest stage. Indeed, given that Plaintiff's claims are clearly subject to mandatory arbitration pursuant to the card agreement governing the American Express account at issue, Plaintiff cannot possibly be prejudiced. Finally, as set forth in the Motion, American Express plainly has met the low bar required to demonstrate that it possesses meritorious defenses to Plaintiff's claims.

In sum, and as set forth in the Motion, "[t]he Eleventh Circuit has repeatedly held that there is a strong policy in favor of resolving cases on the merits and that defaults are viewed with disfavor." Insituform Techs., Inc. v. AMerik Supplies, Inc., 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008) (citing In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir.2003)). "Therefore, 'any doubts regarding whether to set aside an entry of default should be resolved in favor of the party seeking relief.'" Fisher v. Stewart Title Guar. Co., No. 1:25-CV-01001-

VMC-JEM, 2025 WL 2743874, at *4 (N.D. Ga. May 14, 2025), report and recommendation adopted, No. 1:25-CV-01001-VMC-JEM, 2025 WL 2743873 (N.D. Ga. July 25, 2025) (citation omitted).  In line with this precedent, and for the reasons outlined in the Motion and supporting Declaration, and as further detailed below, the Clerk's Default must be set aside, and this matter should proceed on the merits.

## II.     ARGUMENT

### A.     The Clerk's Default Is Void Because Service Of Process Was Insufficient, As Plaintiff Tacitly Concedes In The Opposition.

The law clearly provides that "[w]here service of process is insufficient, the entry of default is void and must be set aside." Fisher v. Stewart Title Guar. Co., No. 1:25-CV-01001-VMC-JEM, 2025 WL 2743874, at *4 (N.D. Ga. May 14, 2025), report and recommendation adopted, No. 1:25-CV-01001-VMC-JEM, 2025 WL 2743873 (N.D. Ga. July 25, 2025) (citing Insituform Techs., Inc. v. AMerik Supplies, Inc., 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008).

As a national bank, American Express is not obligated to maintain a registered agent in Georgia.  See 12 U.S.C. § 24; American Express N.A. v. City of Burlington, 971 F. Supp. 2d 414, 436 (D. Vt. 2013) ("such requirements plainly conflict with 12 U.S.C. § 24 and are therefore preempted"); Graham v. U.S. Bank Nat'l Ass'n, No. 1:10-CV-02196-TWT-AJB, 2011 WL 13319605, at *3 (N.D. Ga. Feb. 9, 2011), report and recommendation adopted sub nom. Graham v. U.S. Bank

Nat'l Ass'n, N.A., No. 1:10-CV-2196-SCJ, 2011 WL 13319648 (N.D. Ga. Mar. 16, 2011) ("As a national bank, Defendant is "not incorporated by 'any State.'" (citation omitted)).  As a result, American Express is considered a foreign corporation under Georgia law.  Id.  "Under Georgia law, a [foreign] corporation may be served by the methods delineated in the Georgia Civil Practice Act, O.C.G.A. § 9-11-1 et seq., or the Georgia Business Corporation Code, O.C.G.A. § 14-2-101 et seq.," or Georgia's Long Arm Statute, in certain circumstances.  Id.  As relevant here, these statutes clearly state that service must be made on a foreign corporation's "registered agent listed on the records of the Secretary of State."  O.C.G.A. § 9-11-4(e)(1)(A).

As confirmed in the McCabe Declaration, American Express was not served with a copy of the Summons and Complaint at its registered agent, as listed in the publicly-available records of the Secretary of State.  (McCabe Decl. ¶ 4.)  Corporation Service Company is not a registered agent for service of process on American Express in either Georgia or New York, is not listed in the records of the Secretary of State as American Express's registered agent in either Georgia or New York, and thus was not authorized to accept service on American Express's behalf.  (Id. ¶¶ 4-5.)  Instead, the publicly available records for the Secretary of State in both Georgia and New York list CT Corporation as American Express's registered agent for service of process.  (Id.)

Plaintiff does not dispute that he only served Corporation Service Company and not CT Corporation, nor does Plaintiff address the Secretary of State records confirming that CT Corporation is the proper entity for service. Instead, Plaintiff nonsensically insists that "service is proper" because the "Return of Service . . . constitutes prima facie evidence of valid service." (Opp. at 3.) However, as a matter of law, the Return of Service that Plaintiff filed on the Docket was deficient and can only be described as a tacit admission by Plaintiff that he failed to properly serve American Express. Thus, it is Plaintiff's assertion that is "speculative and insufficient," as confirmed by his own authority. See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 353 (6th Cir. 2003) (finding the "district court did not err in finding that Plaintiff had not properly effected service of process" where "Plaintiff provides no argument as to whether it complied with the laws of either Michigan or New York for effecting service of process"). By contrast, American Express's evidence clearly confirms that service was made on the wrong entity and was therefore ineffective.

In sum, the Clerk's Default against American Express must be set aside as void because the evidence confirms that service of process was insufficient.

**B.     Even if The Clerk's Default Was Not Void, Good Cause Exists To Set Aside the Default.**

In addition, Plaintiff does not and cannot seriously dispute that American Express has satisfied the good cause standard of Federal Rule of Civil Procedure

55. First, American Express's failure to respond was not willful because it never received service. O'Neill v. NYU Langone Med. Ctr., No. 1:22-CV-0011-SEG, 2023 WL 2976284, at *8 (N.D. Ga. Mar. 14, 2023) ("it cannot have been 'willful' in failing to respond to a complaint that it did not receive"). Further, as set forth in the Motion and McCabe Declaration, American Express's counsel promptly attempted to efficiently cure the default by requesting Plaintiff's agreement to set aside the default since Plaintiff failed to serve American Express with the Summons and Complaint. Plaintiff refused, and in the Opposition, Plaintiff offers no explanation as to why he refused to properly serve American Express upon notice. The record clearly demonstrates that the default was not willful, and instead was the result of Plaintiff's failure to properly serve American Express and to correct his errors when notified by American Express's counsel.[2]

Second, Plaintiff will not be prejudiced if the Clerk's Default is set aside. Courts have held that a brief one-to-two-month delay in a case will not materially prejudice the plaintiff. See Moore v. City of Atlanta, Georgia, No. 1:20-CV-3380-CC-JKL, 2020 WL 11884719, at *2 (N.D. Ga. Dec. 16, 2020), report and recommendation adopted, No. 1:20-CV-3380-CC-JKL, 2021 WL 4815199 (N.D. Ga. Jan. 5, 2021) (holding that a "one-to-two-month delay in this case caused by

---

[2] Plaintiff's cited authority, "F.T.C. v. 4 Star Resolution, LLC, 739 F.3d 1284 (11th Cir. 2014)" (Opp. at 2-3.), does not appear to exist and strongly suggests the inappropriate use of artificial intelligence or ChatGPT.

Defendant's late response will not materially prejudice Plaintiff."). Pursuant to Local Rule 26.2, the discovery period in this action would only just be commencing. Accordingly, if the Clerk's Default is set aside and if this dispute were to be litigated in court, the parties still have sufficient time to complete discovery.[3]  See Equal Emp. Opportunity Comm'n v. Am. Sec. Assocs., Inc., No. 1:21-CV-3870-ELR-JSA, 2022 WL 22855524, at *4 (N.D. Ga. Sept. 1, 2022) ("The mere passage of time alone . . . is not generally grounds to find prejudice."). Therefore, Plaintiff will not suffer any prejudice here as this case is still in its early stages.

Furthermore, Plaintiff's claim that he will suffer ongoing harm if the Clerk's Default is set aside is hypocritical when Plaintiff caused the purported delay by: (1) failing to properly serve American Express, (2) misrepresenting to the Court that he had served American Express in his Motion for Default Judgment, (3) failing to correct the error when received notice of the error, and (4) doubling down on the error by refusing to set aside the default and then filing the Opposition. Plaintiff cannot create a delay and simultaneously seek to benefit from that delay. Moreover, Plaintiff's prejudice arguments put the cart before the horse

---

[3] As set forth in the Motion and in American Express's proposed Answer and Affirmative Defenses, American Express contends that Plaintiff's claims are subject to mandatory arbitration pursuant to a valid and binding arbitration agreement. If Plaintiff does not stipulate to arbitrate, American Express intends to file a motion to compel arbitration forthwith.

by focusing on the purported harm caused by American Express's alleged actions in the Complaint (which Plaintiff would still need to prove on the merits), not the short delay stemming from American Express's lack of notice regarding the Complaint. In sum, Plaintiff's prejudice arguments must be rejected.

Finally, American Express plainly has met the low standard for demonstrating a meritorious defense. As set forth in the Motion and American Express's proposed Answer, American Express possesses far more than a "hint of a suggestion" of a meritorious defense. See Chapman v. Shetos, Inc., No. 1:24-CV-00455-SEG, 2024 WL 6874487, at *3 (N.D. Ga. Nov. 5, 2024) ("To set aside entry of default, '[a] defendant need only show a 'hint of a suggestion'' of a meritorious defense.") (citing Buonocore v. Credit One Bank, N.A., No. 3:14-CV-067, 2014 WL 6620623, at *2 (M.D. Ga. Nov. 21, 2014) (quoting Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969)). As courts have held, the standard for presenting a meritorious defense is a "low bar," and American Express has met that standard by setting forth the legal defenses that it intends to raise in this action, including that Plaintiff's claims are subject to mandatory, binding arbitration pursuant to the agreement that Plaintiff entered into with American Express. See ABG-Aero IPCO, LLC v. A Black Elephant, No. 1:25-CV-03322-TRJ, 2025 WL 2888939, at *2 (N.D. Ga. Sept. 4, 2025) (finding that defendant met "the low bar" of articulating some potentially meritorious defenses to plaintiff's

claims); see also Moore v. City of Atlanta, Georgia, No. 1:20-CV-3380-CC-JKL, 2020 WL 11884719, at *2 (N.D. Ga. Dec. 16, 2020), report and recommendation adopted, No. 1:20-CV-3380-CC-JKL, 2021 WL 4815199 (N.D. Ga. Jan. 5, 2021) (finding that defendants had "set forth a number of factual and legal defenses they intend to raise to Plaintiff's claims" which met the low bar to show that the default should be set aside).  In the Opposition, Plaintiff fails to provide any legal support for his erroneous contention that American Express is required to assert additional facts and evidence that it intends to rely on in support of its defenses.

Accordingly, American Express has presented good cause for this Court to follow the Eleventh Circuit's strong policy in favor of resolving cases on the merits and set aside the Clerk's Default.

## III.   CONCLUSION

For the foregoing reasons, American Express respectfully requests that the Court grant this Motion, set aside the Clerk's Default, deny Plaintiff's Motion for Default Judgment, and allow American Express to file its Answer and Affirmative Defenses and submit its Motion to Compel Arbitration.

Dated:  December 22, 2025     Respectfully submitted,

*s/Sean McMahan*
Sean McMahan
Georgia Bar No. 140861
**MORGAN, LEWIS & BOCKIUS LLP**

1717 Main St #3200
Dallas, TX 75201
Telephone:  214.466.4102
sean.mcmahan@morganlewis.com

Attorneys for Defendant
*American Express National Bank*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 22, 2025, I electronically filed the foregoing document through the Court's CM/ECF system, which will send an electronic notification of this filling to all counsel and parties of record.

*s/ Sean McMahan*
Sean McMahan